UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | EDCV 15-977-JGB<br>EDCV 15-975-JGB | Date | July 6, 2015 |
|---|---|---|---|
| Title | *Horace Gozon Friend v. James G. Carr, et al.* | | |

Present: The Honorable   JESUS G. BERNAL, UNITED STATES DISTRICT JUDGE

| MAYNOR GALVEZ | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:**   Order (1) GRANTING Defendant James Carr's Motion to Dismiss (Doc. No. 17); (2) GRANTING Defendant Eli Bizic's Motion to Dismiss (Doc. No. 18); (3) DISMISSING Case No. EDCV 15-975-JGB in its Entirety; (4) DISMISSING Defendants Berzon, Watford, Carter, Gastelum, and Palmer-Royston in Case No. EDCV 15-977-JGB; and (5) VACATING the July 13, 2015 Hearing; (IN CHAMBERS)

     Before the Court are two Motions to Dismiss, one filed by the Honorable James G. Carr (Doc. No. 17) and one filed by Eli Bizic (Doc. No. 18). The Motions are appropriate for resolution without a hearing. See Fed. R. Civ. P. 78; L.R. 7-15. Having received and considered all papers filed in support of and in opposition to the motions, the Court now GRANTS both motions. Additionally, the Court DISMISSES Case No. EDCV 15-975-JGB in its entirety, and DISMISSES Defendants Marsha Berzon, Paul Watford, David Carter, John Gastelum, and Sharon Palmer-Royston in Case No. EDCV 15-977-JGB. Finally, the July 13, 2015 hearing is VACATED.

## I.  BACKGROUND

     On May 19, 2015, pro se Plaintiff Horace Gozon Friend ("Plaintiff") filed two cases in California Superior Court. Both cases were removed on May 19, 2015. (Doc. No. 1.) Plaintiff

filed two copies of the same First Amended Complaint ("FAC") in both cases on June 2, 2015.[1] (Doc. No. 11, Doc. No. 17.)  The FAC names as Defendants several federal judges (James Carr, Marsha Berzon, Paul Watford, and David Carter), one state judge (John Gastelum), one federal prosecutor (Kathleen Unger), and several federal employees (Eli Bizic, Sharon Palmer-Royston, and Jane Arellano).

Plaintiff's allegations against Bizic and Palmer-Royston – who worked at the Office of Passport Policy and Advisory Services – appear to involve decisions about Plaintiff's passport applications in the 1990s.  (FAC at 3.)  Plaintiff alleges that Bizic and Palmer-Royston ordered the "passport office" to deny Plaintiff a U.S. passport.  (Id.)  Plaintiff further alleges that Bizic asked Jane Arellano, a former assistant commissioner of the U.S. Immigration and Naturalization Service ("INS"), to review Plaintiff's INS files, which allegedly led to the cancellation of Plaintiff's certificate of citizenship.  (Id. at 3-4.)

Plaintiff also alleges that Judges Carr, Berzon, and Watford (sitting on a Ninth Circuit panel) issued a 2013 ruling which Plaintiff alleges was "erroneous and illegal."  (FAC at 5.)  Plaintiff attaches this decision – Friend v. Holder, 714 F.3d 1349 (9th Cir. 2013) – to the FAC as Exhibit E.  In the decision, the panel concluded that Plaintiff was not entitled to a declaratory judgment that he was a United States citizen.[2]  714 F.3d at 1352-53.

Finally, Plaintiff alleges constitutional violations on the part of Judge John Gastelum of the Superior Court of California and Judge David Carter, both of whom allegedly transferred this case from state court to federal court and/or dismissed Plaintiff's previous lawsuits without holding a hearing.[3]  (FAC at 5-6.)

Generally, Plaintiff alleges that Defendants have violated his rights under the Citizenship Clause of the Fourteenth Amendment.  (Motion at 3.)  Plaintiff also alleges that he was subjected to cruel and unusual punishment (id. at 5) and that his due process rights were violated (id. at 5-6).  Plaintiff alleges these Constitutional violations both under Bivens and 42 U.S.C. § 1983.  (Id. at 2.)

---

[1] The two cases are EDCV 15-975-JGB and EDCV 15-977-JGB.  The Court will only refer to the docket numbers in EDCV 15-977-JGB.  Additionally, since the cases are completely duplicative, and Plaintiff states in the FAC that he is attempting to "amend the two cases into one" (FAC at 2), the Court DISMISSES Case No. EDCV 15-975-JGB in its entirety.

[2] The panel explained that Plaintiff was born in the Philippine Islands in 1931, to a United States citizen father and a non-citizen national mother.  714 F.3d at 1350.  Thus, deciding whether Plaintiff qualified as a United States citizen required a complex analysis of various immigration statutes.  See id. at 1350-1353.

[3] The instant suit was briefly before Judge Carter, but Plaintiff filed a FAC naming Judge Carter as a Defendant.  Accordingly, Judge Carter recused himself from the suit.  (Doc. No. 12.)

On June 15, 2015, Judge Carr and Eli Bizic each filed Motions to Dismiss. (Doc. Nos. 17-18.) Plaintiff opposed on June 24, 2015. ("Opp'n" Doc. No. 21.) Judge Carr and Bizic replied on June 29, 2015 (Doc. Nos. 24-25.)

## II. DISCUSSION

### A. The Judicial Defendants

The United States Supreme Court has unambiguously held that judges are immune from civil actions arising out of the exercise of their judicial functions. See, e.g., Mireles v. Waco, 502 U.S. 9, 11 (1991). Judicial immunity applies irrespective of allegations of malice or corruption. Pierson v. Ray, 386 U.S. 547, 554 (1967).

Plaintiff's only allegations against Judges Carr, Berzon, and Watford involve their ruling as members of a three-judge Ninth Circuit Panel. Further, Plaintiff's allegations against Judges Gastelum and Carr involve only their decisions in Plaintiff's various cases. "Under well-settled precedent, [a plaintiff] may challenge . . . prior rulings only via appeal, not by suing the judges." In re Thomas, 508 F.3d 1225, 1227 (9th Cir. 2007). Judicial immunity is overcome only if the judge acts outside his or her judicial capacity or in the "complete absence of all jurisdiction." Mireles, 502 U.S. at 11-12. Plaintiff does not allege that any of the judges acted outside their judicial capacity. Additionally, Plaintiff does not allege facts to show that any of the judges acted in the complete absences of jurisdiction. Judges Carr, Berzon, and Watford sat as a panel on an immigration appeal, and Judges Carter and Gastelum made decisions regarding the transfer and dismissals of civil actions. All of these actions clearly fall within the accepted range of state (for Judge Gastelum) or federal (for Judges Carr, Berzon, Watford, and Carter) jurisdiction.

Contrary to well-settled precedent, Plaintiff's FAC challenges prior rulings by suing the judges who rendered decisions adverse to him. Plaintiff's claims against Defendants Carr, Berzon, Watford, Gastelum, and Carr are barred by the doctrine of absolute judicial immunity. Therefore, these Defendants are DISMISSED WITH PREJUDICE from the FAC.[4]

### B. Statute of Limitations

Bizic moves to dismiss on a variety of grounds, including lack of personal jurisdiction, improper service, and failure to state a claim. The Court need not examine those arguments, as it agrees with Bizic that Plaintiff's claim against him is time-barred.

---

[4] While only Judge Carr moved to dismiss, the Court also dismisses the remaining Judges. See Omar v. Sea-Land Serv., Inc., 813 F.2d 986, 991 (9th Cir.1987) ("A trial court may dismiss a claim sua sponte under Fed.R.Civ.P. 12(b)(6).... Such a dismissal may be made without notice where the claimant cannot possibly win relief.").

The statute of limitations in a Bivens action is the statute of limitations for a personal injury action in the forum state.[5]  Papa v. United States, 281 F.3d 1004, 1009 (9th Cir. 2002).  In California, the statute of limitations for personal injury claims is two years.  Cal. Civ. Proc. Code § 335.1.

Here, the FAC alleges that Bizic and Palmer-Royston violated Plaintiff's constitutional rights in the 1990s.  As an example of the alleged misconduct, Plaintiff attaches a letter that Palmer-Royston sent him on May 11, 1998.  (Compl., Ex. C.)  It is thus apparent from the face of the FAC, and the exhibits attached to it, that the allegations regarding Bizic and Palmer-Royston refer to actions that occurred before May 1998, and that Plaintiff had knowledge of Bizic's alleged conduct by at least that time.[6]  Accordingly, Plaintiff's claims against Bizic and Palmer-Royston are time-barred, and are DISMISSED WITH PREJUDICE.[7]

Additionally, it appears Plaintiff's claims against Jane Arellano and Kathleen Unger are likewise time-barred.  Plaintiff alleges that Arellano and Unger "schem[ed] and defraud[ed] documents to deny Plaintiff his civil rights. Jane C. Arellano as former Assistant Administrator, reported to Mr. Bizic that she found a fraudulent entry in Plaintiff [sic] documents that could be ground for cancellation of his certificate."  (FAC at 4.)  Although Plaintiff does not specify the dates of these alleged misdeeds, it appears they all took place around the time the Ninth Circuit confirmed the cancellation of Plaintiff's certificate of citizenship in 1999.  (See Motion at 4, seemingly referring to the Ninth Circuit's decision in Friend v. Reno, 172 F.3d 638 (9th Cir. 1999).)  Plaintiff also alleges he "made a second application" (presumably for a passport) that was denied by Jane Arellano's office.  (Id.)  After the denial, Plaintiff appealed, then after not being able to obtain a copy of the appeal decision, filed a Freedom of Information Act ("FOIA") request.  Unger allegedly denied this request.  The date of this second application and subsequent FOIA request denial are not given, but they appear to have occurred in the same time period as the Ninth Circuit's 1999 decision.  Moreover, none of these claims appear to plausibly allege a claim for relief.  The claims contain scant factual allegations, and the facts alleged do not suggest a constitutional violation by either Unger or Arellano.

---

[5] As all the remaining Defendants are federal officials, they are not subject to liability under Section 1983.  See Russell v. U.S. Dep't of the Army, 191 F.3d 1016, 1019 (9th Cir. 1999).  Thus, Plaintiff's claims are necessarily brought as Bivens claims.

[6] Federal law controls when a claim under Bivens accrues.  W. Ctr. For Jounalism v. Cederquist, 235 F.3d 1153, 1156 (9th Cir. 2000).  It does so "when the plaintiff knows or has reason to know of the injury."  Id.

[7] Plaintiff argues in his Opposition that he wrote a letter to attorneys in a Passport Advisory Office on March 30, 2015, regarding his passport application.  (Opp'n at 2-3).  The Opposition seems to suggest that because Plaintiff sent a letter and did not receive a response, his claim been renewed.  Not so.  This allegation is not included in the FAC, and, even if it were, it would fail under Iqbal and Twombly.  Moreover, Plaintiff's claims in the FAC are all time-barred, and a recent development cannot change that.

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE, by **July 17, 2010**, why his claims against Arellano and Unger should not be dismissed, either: (1) for being time-barred or (2) under Rule 12(b)(6), for failing to state a claim upon which relief can be granted.

### III. CONCLUSION

For the foregoing reasons, the Court:

- GRANTS Defendant James Carr's Motion to Dismiss (Doc. No. 17) and DISMISSES Defendant James Carr from the Complaint WITH PREJUDICE.

- GRANTS Defendant Eli Bizic's Motion to Dismiss (Doc. No. 18) and DISMISSES Defendant Eli Bizic from the Complaint WITH PREJUDICE.

- DISMISSES WITH PREJUDICE Case No. EDCV 15-975-JGB in its entirety.

- DISMISSES WITH PREJUDICE Defendants Marsha Berzon, Paul Watford, David Carter, John Gastelum, and Sharon Palmer-Royston in Case No. EDCV 15-977-JGB.

- VACATES the July 13, 2015, hearing on the Motions to Dismiss.

Additionally, Plaintiff is ORDERED TO SHOW CAUSE, by **July 17, 2010**, why his claims against Defendants Jane Arellano and Kathleen Unger should not be dismissed: (1) for being time-barred or (2) under Rule 12(b)(6), for failing to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**